<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DIEGO ROMERO CHANGOLUISA, | Civil Action No. 26-cv-02475 |
| *Petitioner*, | |
| v. | **ORDER** |
| PAMELA BONDI, *et al.*, | |
| *Respondents*. | |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Diego Romero Changoluisa ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention without bond (ECF No. 1); and

**WHEREAS**, Petitioner contends that Respondents are unlawfully detaining him without the possibility of bond pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b), under a recently announced enforcement policy that categorically denies bond eligibility to individuals charged as inadmissible under *Matter of Yajure Hurtado,* 29 I&N Dec. 215 (BIA 2025) (*see* ECF No. 1 ¶ 12; ECF No. 6 at 2); and

**WHEREAS**, Petitioner is a citizen of Ecuador who alleges that he entered the United States on April 16, 2024[1] (*Id.* ¶¶ 1-4; ECF No. 4 at 1); and

**WHEREAS**, Petitioner argues that because he has resided continuously in the United States for approximately two years since his initial entry and was arrested in the interior, he is

---

[1] Respondents contend that Petitioner entered the United States on March 27, 2024.  (*See* ECF No. 6 at 1; ECF No. 6-1 at 3.)

properly subject to discretionary detention under 8 U.S.C. § 1226(a), and is therefore entitled to an individualized custody determination and a bond hearing (ECF No. 1 ¶¶ 53-67); and

**WHEREAS**, upon information and belief, Petitioner was processed by United States Customs and Border Protection and later released into the United States with a form I-862, Notice to Appear (ECF No. 1-7 at 2); and

**WHEREAS**, Petitioner filed a form I-589, Application for Asylum and Withholding of Removal based on alleged extortion and persecution in Ecuador which remains pending; Petitioner has a valid, government-issued Employment Authorization Document and a Social Security number (*id.*); and,

**WHEREAS**, according to Executive Office of Immigration Review's Automated Case Information website, Petitioner has a Master Calendar Hearing scheduled with an Immigration Judge on August 31, 2027, for the adjudication of his pending asylum claim (*id.*); and

**WHEREAS**, on March 3, 2026, Petitioner reported to a routine check-in and despite the lack of any showing of changed circumstances, was detained by United States Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1225(b)(2) and was served with a Form I-200, Warrant for Arrest of Alien (*see* ECF No. 1-7 at 2-3; *see also* ECF No. 6); and

**WHEREAS**, Petitioner was transferred to the Delaney Hall Detention Facility in Newark, New Jersey, where he remains in custody under the supervision of the Newark Field Office of ICE, (ECF No. 1 ¶ 1; ECF No. 6 at 2); and

**WHEREAS**, Respondents have not alleged that Petitioner poses a danger to the community or risk of flight, and the record reflects no criminal history, and no arrests (*see id.* ¶¶ 11, 39, *see also* ECF No. 6-1 at 3); and

**WHEREAS**, Respondents filed an Answer on March 17, 2026, citing authority which they

acknowledge has been rejected by several courts to reach the issue in this District[2] (ECF No. 6); and

**WHEREAS**, the Court resolves the Petition (ECF No. 1) on the existing record and the controlling statutory framework; and

**WHEREAS**, on March 24, 2026, Petitioner's counsel filed a letter on the docket informing the Court that Petitioner is scheduled for a master calendar hearing on March 26, 2026 at 1:30 p.m. before Immigration Judge Shana W. Chen (ECF No. 8); and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

---

[2] *See, e.g., Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar*, No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons*, No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas*, No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025).

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 25th day of March 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

4

5

**ORDERED** that Respondents shall **<u>on this date</u> IMMEDIATELY RELEASE** Petitioner under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**